IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVE L. DAVIS, | ) | CASE NO. 4:12CV3068 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DENISE M. LUCKS, Clerk of the U.S. District Court for the District of Nebraska, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on April 6, 2012. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 7.) On June 1, 2012, Plaintiff paid the initial partial filing fee. (*See* Docket Sheet.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   SUMMARY OF COMPLAINT

Plaintiff filed his complaint on April 6, 2012, against one Defendant, Clerk of Court Denise M. Lucks. (Filing No. 1 at CM/ECF p. 1.) Defendant is sued in her individual capacity only. (*Id.* at CM/ECF p. 3.)

Condensed and summarized, Plaintiff's Complaint relates entirely to his claim that Defendant did not send him a copy of the memorandum and order and judgment dismissing his separate habeas corpus action until more than nine months after those documents had been entered. (*Id.* at CM/ECF pp. 1-3; *see also* Case No. 4:10CV3138.) Plaintiff alleges that, in failing to timely send him the documents in Case No. 4:10CV3138, Defendant acted negligently and violated his constitutional rights to access the courts because he was unable to file a timely appeal "and/or objections." (*Id.* at CM/ECF p. 2.)

Plaintiff seeks relief in the form of compensatory and punitive damages, totaling $100,000. (*Id.* at CM/ECF p. 3.)

## II.   APPLICABLE LEGAL STANDARDS ON REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007), (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the

2

alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendant denied him access to the courts in violation of his First, Fourth, Fifth, and Fourteenth Amendment rights by failing to send him a copy of the memorandum and order and judgment dismissing his claims with prejudice in Case No. 4:10CV3138. (Filing No. 1 at CM/ECF pp. 2-3.)  A federal district court may "take judicial notice, whether requested or not of its own records and files, and facts which are part of its public records.  Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *U.S. v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981), (quotation omitted); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007), (affirming dismissal of case where district court relied on, and took judicial notice of, public records of related case).

Here, Plaintiff alleges that Defendant did not send him a copy of the memorandum and order and judgment dismissing his Petition for Writ of Habeas Corpus until more than nine months after its entry. (Filing No. 1 at CM/ECF pp. 2-3.)  However, the court's own, public, records indicate that Defendant sent a copy of the memorandum and order and judgment on the same date it was entered, May 13, 2011. (*See*, Case No. 4:10CV3138, Filing Nos. 23 and 24.)  The court's records further show that those pleadings were never returned to the court as undeliverable, or for any other reason.  (*See* Docket Sheet, Case No. 4:10CV3138.)  Thus, the court's records clearly show that Defendant sent copies of the

memorandum and order and judgment to Plaintiff on May 13, 2011. As such, Plaintiff has not set forth sufficient facts to state a claim upon which relief may be granted.

Even assuming the court's records did not show that Plaintiff's allegations lack merit, in order to state a claim for denial of access to the courts, a plaintiff must allege that the defendant(s) hindered his efforts to pursue a non-frivolous legal claim and that the plaintiff suffered some actual concrete injury as a result. Lewis v. Casey, 518 U.S. 343, 350-54 (1996). Plaintiff has not alleged a claim in accordance with *Lewis*.

Plaintiff alleges only that he suffered non-specific "emotional anguish" and "stress" due to the alleged delay in notification of the dismissal in Case No. 4:10CV3138. (Filing No. 1 at CM/ECF p. 3.) However, such allegations do not meet the requirements set forth in *Lewis*. Additionally, while Plaintiff also alleges that he was delayed in filing his appeal in Case No. 4:10CV3138, there is no indication that Plaintiff's attempt to access the courts was hindered. The record in Case No. 4:10CV3138 shows that the court granted Plaintiff's motion to extend time to file his notice of appeal on March 2, 2012. (Case No. 4:10CV3138, Filing No. 30.) Indeed, Plaintiff's appeal in Case No. 4:10CV3138 is currently pending before the Eighth Circuit Court of Appeals. In short, Defendant timely sent the dismissal memorandum and order and judgment to Plaintiff. However, even if she had not, Plaintiff suffered no "concrete injury," because the court permitted his untimely appeal. For these reasons, Plaintiff's Complaint is dismissed in its entirely for failure to state a claim upon which relief may be granted.[1]

---

[1]The court notes that Defendant may also be entitled to "absolute quasi-judicial immunity." See Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997) (quoting Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994)). However, court clerks are only entitled to absolute quasi-judicial immunity for discretionary acts, or for acts taken at the direction of

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order;

3. All pending motions are denied as moot; and

4. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 19th day of June, 2012.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

a judge or according to court rule. See *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (concluding that when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function); *Geitz v. Overall*, 62 F. App'x 744, 746 (8th Cir. 2003) (permitting case to proceed where clerk's failure to notify a party of court orders was "arguably ministerial"). Because it already determined that Plaintiff's Complaint fails to state a claim, the court need not reach this separate issue.

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.